IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW SPENCER O'BRIEN,     *
           Plaintiff
       v.                                *     CIVIL ACTION NO. ELH-11-2357

STEVEN BRAY, et al.,              *
           Defendants
                                          ***

MEMORANDUM

Matthew Spencer O'Brien, the self-represented plaintiff, is presently an inmate at the State of Maryland's North Branch Correctional Institution ("NBCI"). On August 17, 2011, he filed a civil rights action under 42 U.S.C. § 1983, which was later supplemented and amended, seeking compensatory damages and injunctive relief against three correctional medical employees. ECF Nos. 1, 7 & 9. Mr. O'Brien alleges that defendants Steven Bray, R.N.; Colin Ottey, M.D.; and Lisa Schindler, P.A. failed to provide him with adequate medical care regarding a piece of metal imbedded in this thumb.[1]

Defendants have filed a "Motion to Dismiss Or In The Alternative, Motion For Summary Judgment," along with exhibits (ECF No. 19). Plaintiff has filed responses in opposition thereto, *see* ECF No. 22, 23, and defendants have filed a reply. *See* ECF No. 24. As discussed, *infra*, the motion will be treated as a motion for summary judgment under Rule 56 of the Federal Rules

---

[1] Plaintiff has since indicated that he wants to dismiss his claims against Schindler. ECF No. 22 at 5. Fed. R. Civ. P. 41(a)(1)(A) provides that a plaintiff "may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;" or (ii) "a stipulation of dismissal signed by all parties who have appeared." Defendants filed a dispositive motion in this case prior to plaintiff's request to dismiss his complaint against Schindler, and there is no stipulation of dismissal pending before this court. Nonetheless, the case may be dismissed upon order of the court and upon such terms and conditions as the court deems proper. *See* Fed. R. Civ. P. 41(a)(2). Plaintiff's request shall be granted.

of Civil Procedure, because materials outside the four corners of the pleadings have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md.).

**Standard of Review**

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger*, 510 F.3d at 450. However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When, as here, the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[2]

---

[2] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not

A district judge has "discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."  5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). However, this discretion "should be exercised with great caution and attention to the parties' procedural rights."  *Id.* at 149.  In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary.  *Id.* at 165-67.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery."  *E.I. du Pont*, *supra*, 637 F.3d at 448-49.  However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'"  *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)).  To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery.  Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).[3]

---

exclude from its consideration of the motion the supporting extraneous materials."); *see also Fisher v. Md. Dept. of Pub. Safety & Corr. Servs.*, Civ. No. JFM-10-0206, 2010 WL 2732334, at *3, 2010 U.S. Dist. LEXIS 68772, at *8-10 (D. Md. July 8, 2010).

[3] Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'"  *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20, 2011 U.S. Dist. LEXIS 14266, at *62 (D. Md. Feb. 14, 2011)).  "Rather, to justify a denial of summary judgment

3

Plaintiff has not filed an affidavit under Rule 56(d).[4]  I am satisfied that it is appropriate to address the defendants' motion as one for summary judgment.

Summary Judgment is governed by Fed. R. Civ. P. 56(a), which provides in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest

---

on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

[4] If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted). According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted).

4

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Factual Background**

Plaintiff, an inmate currently confined at the NBCI in Cumberland, Maryland alleges that on August 1, 2009, he went to sick call because his right thumb was swollen and painful. He was examined by defendant Steven Bray, and an x-ray ordered. The x-ray revealed a piece of metal in the soft tissue of plaintiff's thumb. Plaintiff filed several sick call slips requesting removal of the metal fragment. He states he did not receive any additional medical care. ECF Nos. 1, 7, & 9.

The uncontroverted medical records demonstrate that plaintiff filed a sick call slip on July 28, 2009, complaining of pain and swelling in his thumb. He was evaluated on August 1, 2009. ECF No. 19, Ex. A, p. 37, 98-99. Plaintiff reported to defendant Ottey, a physician, that his thumb had been "like this for a couple of years." Examination revealed no swelling or

numbness but pain was reported on movement. Ottey provided ibuprofen and advised the plaintiff to seek further evaluation if his symptoms did not subside or worsened. *Id*.

On August 24, 2009, Schindler evaluated plaintiff during a routine chronic care visit concerning other medical conditions. Plaintiff advised Schindler that he continued to experience pain in his thumb but was still able to bend the thumb and use his hand. He expressed concern that he had previously broken his thumb and that it healed improperly. Schindler ordered an x-ray, which was interpreted by Dr. Usha Kumar on August 28, 2009. Dr. Kumar noted: "Rt hand-No acute fracture or dislocation. Old healed fracture of the 5th MC. One small metallic F.B. is seen in the soft tissues adjacent to the MCP jt of the thumb." *Id*., p. 102-105.

Thereafter, plaintiff submitted sick call slips on September 20, 2009 and October 10, 2009, requesting to have the metal removed. *Id*., p. 31, 33. On October 13, 2009, plaintiff was evaluated by Dr. Ottey who diagnosed plaintiff as suffering from an non-specified injury to his finger, prescribed an increased dose of ibuprofen, ordered an additional x-ray be taken, and directed plaintiff follow up in one month. *Id*. p. 31, 76, 78, 118-21. There is no evidence that the additional x-ray was taken or plaintiff was seen for follow-up regarding the metal in this thumb.

After October 13, 2009, there is no evidence that plaintiff filed any further sick call slips or voiced any additional concerns to medical staff about his thumb.[5] Defendants note that plaintiff filed sixteen additional sick call slips regarding other matters and that from December 11, 2009 to January 11, 2009, he had no less than 17 encounters with medical providers. Yet, no further complaints regarding plaintiff's thumb were noted in his medical record. *Id*., p. 15-30,

---

[5] Plaintiff states that he complained verbally to medical staff about the ongoing problems with his thumb and submitted three sick call slips complaining about his thumb after October 13, 2009. ECF No. 22, Ex. L.

6

122-160.

**Discussion**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state an Eighth Amendment claim for denial of medical care, plaintiff must demonstrate that the actions of defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid

liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken). Further, "[d]isagreements between an inmate and a physician over the inmate's proper care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

Plaintiff's allegations that he was not provided necessary medical treatment for pain in his thumb is belied by the record. Plaintiff was evaluated, x-rays were taken, a diagnosis was made, and analgesic medication was administered. There is no evidence that any further treatment was deemed necessary. Rather, plaintiff baldly claims that removal of the metal fragment is medically indicated. Plaintiff's disagreement with a course of treatment does not provide the framework for a federal civil rights complaint. *See Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975).

To be sure, plaintiff is entitled to medical treatment for a serious condition. The right to treatment, however, is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable*." *Bowring v. Godwin,* 551 F.2d 44, 47-48 (4th Cir.1977) (emphasis added). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985) (citing *Gittlemacker v. Prasse,* 428 F.2d 1, 6 (3rd Cir. 1970)). There are no exceptional circumstances in this case. Plaintiff has been evaluated

repeatedly and was provided appropriate tests as well as analgesic medication. As of his last evaluation, there was no indication that any additional treatment or testing was required. Even if true - which it is not -- the allegation that defendants provided inappropriate treatment states nothing more than a claim of medical malpractice and negligence.[6] "[A]n inadvertent failure to provide adequate medical care does not amount to deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Mere negligence or malpractice does not rise to a constitutional level. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Accordingly, defendants are entitled to summary judgment as to plaintiff's Eighth Amendment claim.

For the reasons stated, summary judgment is granted in favor of defendants. A separate Order shall be entered in accordance with this Memorandum.

August 28, 2012                                /s/
Date                                           Ellen L. Hollander
                                               United States District Judge

---

[6] Under Maryland law, a plaintiff may litigate a claim of medical malpractice in accordance with the Maryland "Health Care Malpractice Claims" statute. *See* Md. Code (2006 Repl. Vol., 2011 Supp.), Cts & Jud. Proc., §3-2A-01 et seq.; *see also Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007); *Davison v. Sinai Hospital of Balt. Inc*, 462 F. Supp. 778, 779-81 (D. Md. 1978); *Group Health Ass'n, Inc. v. Blumenthal*, 295 Md. 104, 114 (1983). There is no demonstration that plaintiff has sought or completed the requisite review. To the extent that plaintiff asserts medical malpractice claims, this court declines jurisdiction over any state claims, and dismisses them, without prejudice. *See* 28 U.S.C. §1367(c)(3); *United Mine Workers v. Gibbs,* 383 U. S. 715, 726 (1966).